IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MARQUIS B. WEST,

    Plaintiff,

v.

                              CIVIL ACTION NO.: CV606-083

BRYAN HIGGINS; JENNIFER ZAK;
TAMARA BENNETT; KIMBERLY
BRAUDA; VIRGINIA SCOTT; JOE
SHYROCK; VIRGINIA HOGAN;
Ms. KITCHENS; Dr. SCOTT BALOGH;
Dr. ARIADI; Dr. DENTON; HUGH
SMITH, Warden; JOHN PAUL, Warden,
and STEVE ROBERTS, Deputy
Warden,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Georgia State Prison in Reidsville, Georgia ("GSP"), has filed a complaint pursuant to 42 U.S.C.A. § 1983 contesting certain conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the

AO 72A
(Rev. 8/82)

complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends that Defendants Bennett, Brauda, Zak, Kitchens, Scott, Hogan, and Shyrock, all members of the mental health treatment team at GSP, collectively made a decision to reduce Plaintiff's mental health status despite a known history of self-mutilation. Plaintiff contends that as a result of this decision, he had access to razor blades and cut himself over twenty-six (26) times. Plaintiff alleges that Defendants Balogh and Ariadi have refused to provide psychiatric treatment for his self-mutilation. Plaintiff further alleges that Defendant Denton discharged him from the Crisis Hospitalization Unit and prescribed medications despite his not being properly licensed as required by

Standard Operating Procedures. Plaintiff asserts that Defendant Higgins refused to provide a hearing regarding his mental health level change and that Defendant Higgins did so in retaliation for Plaintiff's having previously filed suit.

42 U.S.C.A. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002), the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. 534 U.S. at 523, 122 S. Ct. at 987. It is not the role of the courts to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). Rather, the concern is what remedies were available and whether the inmate pursued these prior to filing his suit in federal court. Id.

Plaintiff has not pursued his available administrative remedies. Plaintiff's Complaint, when read in a light most favorable to him, fails to state a claim for relief under 42 U.S.C.A. § 1983 and 28 U.S.C.A. § 1915. Accordingly, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**, without prejudice, due to his failure to exhaust his available administrative remedies.

**SO REPORTED** and **RECOMMENDED**, this 17th day of October, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)