IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MARQUIS B. WEST,

    Plaintiff,

v.

BRYAN HIGGINS; JENNIFER ZAK; TAMARA BENNETT; KIMBERLY BRAUDA; VIRGINIA SCOTT; JOE SHYROCK; VIRGINIA HOGAN; Ms. KITCHENS; Dr. SCOTT BALOGH; Dr. ARIADI; Dr. DENTON; HUGH SMITH, Warden; JOHN PAUL, Warden, and STEVE ROBERTS, Deputy Warden,

    Defendants.

CIVIL ACTION NO.: CV606-083

## ORDER

After an independent review of the record, the Court concurs with a portion of the Report and Recommendation of the Magistrate Judge, to which Objections have been filed. In his Objections, Plaintiff fails to allege that he has exhausted his available administrative remedies as to his claims against Defendants Balogh, Ariadi, and Denton as required by 28 U.S.C.A. 1915e(a). Furthermore, Plaintiff fails to set forth any factual allegations against Defendants Higgins, Smith, Paul, or Roberts, and appears to seek to hold these individuals liable based solely on their supervisory positions at Georgia State Prison. In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor and Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998).

AO 72A
(Rev. 8/82)

Accordingly, Plaintiff's claims against Defendants Balogh, Ariadi, Denton, Higgins, Smith, Paul, and Roberts are hereby **DISMISSED**.

In Plaintiff's Objections to the Magistrate Judge's Report, it appears that Plaintiff has at least arguably stated a colorable claim for relief and has sufficiently alleged the exhaustion of all available remedies as to one of his claim against Defendants Bennett, Brauda, Zak, Kitchens, Scott, Hogan, and Shyrock. Therefore, the portion of the Report dated October 17, 2006, wherein the Magistrate Judge recommended the dismissal of Plaintiff's claims against these Defendants is hereby **VACATED**.

Plaintiff contends that Defendants Bennett, Brauda, Zak, Kitchens, Scott, Hogan, and Shyrock reduced his mental health status, causing him to be housed with access to the tools of his alleged self-mutilation. Plaintiff further contends that, as a result of this decision, he gained access to razor blades and cut himself over twenty-six (26) times. The Eighth Amendment forbids the use of cruel and unusual punishment against prison inmates. This proscription includes the principle expressed by the Supreme Court in Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976), forbidding prison officials from demonstrating deliberate indifference to the serious medical needs of inmates. Plaintiff's allegation arguably states a claim that these Defendants were deliberately indifferent to his serious medical needs.

A copy of Plaintiff's Complaint and a copy of this Order shall be served upon Defendants Bennett, Brauda, Zak, Kitchens, Scott, Hogan, and Shyrock by the United States Marshal without prepayment of cost. If Defendants elect to file a Waiver of Reply, then Defendants must file either a dispositive motion or an answer to the complaint within thirty (30) days of the filing of said Waiver of Reply.

**INSTRUCTIONS TO DEFENDANTS**

Since the Plaintiff is authorized to proceed *in forma pauperis*, service must be effected by the United States Marshal. FED. R. CIV. P. 4(c)(2). In most cases, the marshal will first mail a copy of the complaint to Defendants by first-class mail and request that the Defendants waive formal service of summons. FED. R. CIV. P. 4(d); Local Rule 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. FED. R. CIV. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. FED. R. CIV. P. 4(d)(3).

IT IS FURTHER ORDERED that Defendants are hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. FED. R. CIV. P. 30(a). Defendants shall ensure that the Plaintiff's deposition and any other depositions in the case are taken within the 140-day discovery period allowed by this court's local rules.

In the event that Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30 as set forth herein. As the Plaintiff will likely not be in attendance for such a deposition, Defendants shall notify Plaintiff of the deposition and advise him that he may serve on Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. Defendants shall present such questions to the witness seriatim during the deposition. FED. R. CIV. P. 30(c).

**INSTRUCTIONS TO PLAINTIFF**

IT IS FURTHER ORDERED that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' attorney, a copy of every further pleading or other document submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or Defendants' counsel. FED. R. CIV. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number . . .." FED. R. CIV. P. 10(a). Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a caption or a certificate of service will be disregarded by the court and returned to the sender.

Plaintiff is charged with the responsibility of immediately informing this court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally FED. R. CIV. P. 26, et seq. Plaintiff does not need the permission of the court to begin discovery, and Plaintiff should begin discovery promptly and complete it within 120 days after the filing of the answer. Local Rule 26.1.

Interrogatories are a practical method of discovery for incarcerated persons. See FED. R. CIV. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as a defendant. Interrogatories shall not be

filed with the court. Local Rule 26.6. Interrogatories are not to contain more than twenty-five (25) questions. FED. R. CIV. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. FED. R. CIV. P. 26(c); 37(a)(2)(A); Local Rule 26.7. Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty ($.50) cents per page.

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. FED. R. CIV. P. 41; Local Rule 41.1.

It is the Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendants. Upon no less than five (5) days notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral

Status Report and is required to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the court.

### ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fifteen (15) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if you fail to respond to a motion to dismiss, the Court will assume that you do not oppose the Defendants' motion.

Your response to a motion for summary judgment must be filed within twenty (20) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendants file a motion for summary judgment, you are advised that you will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendants' motion for summary judgment be supported by affidavit, you must file counter-affidavits if you desire to contest the Defendants' statement of the facts. Should you fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in Defendants'

AO 72A
(Rev. 8/82)

affidavits will be accepted as true and summary judgment will be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

SO ORDERED, this 21 day of Nov., 2006.

*signature*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA