FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 APR 16 AM 9: 57

[signature]
CLERK
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MARQUIS B. WEST,

    Plaintiff,

v.     606CV083

JENNIFER ZAK, *et al.*,

    Defendants.

## ORDER

42 U.S.C. § 1983-inmate/plaintiff Marquis B. moves this Court to reconsider its Order adopting the Magistrate Judge's (MJ's) Report and Recommendation (R&R) advising this Court to dismiss several of West's claims on administrative exhaustion grounds. Doc. # 15.

Inmates like West cannot bring federal-court, prison-conditions actions against their jailors court without first satisfying the Prison Litigation Reform Act's (PLRA's) requirement that they exhaust a prison's administrative remedies. *Priester v. Rich*, 457 F.Supp.2d 1369, 1373 (S.D.Ga. 2006); 42 U.S.C. § 1997e(a). West thus must furnish as much relevant information as he reasonably can with his prison grievance, so that prison officials passing on it can make an informed and reasonable investigation and respond to the grievance; thus, he need only present the notice-pleading-level core of his case to administrators. *Id.* at 1372.

To that end, his subjective belief that a prison's grievance procedures were not applicable to particular grievances does not matter and is not determinative in deciding whether to excuse the inmate's failure to satisfy the exhaustion requirement. *Id.* at 1373.

As the R&R here detailed,

> Plaintiff contends that Defendants Bennett, Brauda, Zak, Kitchens, Scott, Hogan, and Shyrock, all members of the mental health treatment team at GSP, collectively made a decision to reduce Plaintiff's mental health status despite a known history of self-mutilation. Plaintiff contends that as a result of this decision, he had access to razor blades and cut himself over twenty-six (26) times. Plaintiff alleges that Defendants Balogh and Ariadi have refused to provide psychiatric treatment for his self-mutilation. Plaintiff further alleges that Defendant Denton discharged him from the Crisis Hospitalization Unit and prescribed medications despite his not being properly licensed as required by Standard Operating Procedures. Plaintiff asserts that Defendant Higgins refused to provide a hearing regarding his mental health level change and that Defendant Higgins did so in retaliation for Plaintiffs having previously filed suit.

Doc. # 10 at 2-3. Concluding that West failed to pursue his administrative remedies, the R&R advised that the Court dismiss West's complaint without prejudice. *Id.* at 3. Rejecting part of that R&R, the Court noted that, in West's

> Objections to the Magistrate Judge's Report, it appears that [he] has at least arguably stated a colorable claim for relief and has sufficiently alleged the exhaustion of all available remedies as to one of his claims against Defendants Bennett, Brauda, Zak, Kitchens, Scott, Hogan, and Shyrock.

Doc. # 14 at 2. Thus, the Court rejected that part of the R&R advising outright dismissal of

West's case against these defendants. *Id.*

West moves for reconsideration, doc. # 15, and argues that the Court went too far because his prison's structural limitations (*e.g.*, he was permitted to file grievances against two defendants at a time, the prison's grievance form limits the number of names one can inscribe on it, etc.) prevented his compliance with PLRA's exhaustion requirements.

Judges can make credibility determinations with regard to a prisoner's claim that prison officials (or a prison's system) denied him a reasonable chance to comply with grievance requirements. *Priester*, 457 F.Supp.2d at 1375-77. In that this matter is still before the MJ, the Court **GRANTS** West's reconsideration motion (doc. # 15) and directs the MJ to address West's reconsideration assertions in a follow-up R&R.

This 16 day of April, 2007.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA