# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

MARQUIS B. WEST,

    Plaintiff,

v.

CIVIL ACTION NO.: CV606-083

JENNIFER ZAK; TAMARA BENNETT;
KIMBERLY BRAUDA; VIRGINIA
SCOTT; JOE SHYROCK; VIRGINIA
HOGAN; Ms. KITCHENS; Dr. SCOTT
BALOGH; Dr. ARIADI; Dr. DENTON;
HUGH SMITH, Warden; JOHN PAUL,
Warden; STEVE ROBERTS, Deputy
Warden, and BRYAN HIGGINS,

    Defendants.

## ORDER

Plaintiff has filed a Motion for Reconsideration (Doc. No. 56) of the Court's Order dated May 2, 2007. That order directed service of Plaintiff's Complaint on Defendants Balogh, Ariadi, Denton, Smith, Paul, and Roberts, but left Plaintiff's claim against Higgins dismissed on *res judicata* principles. (Doc. No. 44). In that Order, the undersigned noted that:

> Plaintiff also states a constitutional claim against Bryan Higgins and seeks reconsideration of the Court's order dismissing that claim based on respondeat superior. However, as Plaintiff is certainly aware, Higgins was previously granted summary judgment against Plaintiff in Case Number 605cv047 on the exact same deliberate indifference claim based on the exact same series of events. (605cv047, Doc. No. 110). These circumstances require that Plaintiff's claim against Higgins be precluded based on the doctrine of *res judicata*. Accordingly, Plaintiff's claim against Higgins shall remain dismissed.

AO 72A
(Rev. 8/82)

(Doc. No. 44, p. 5, n.1). In his Motion for Reconsideration, Plaintiff contends that he does not now, in fact, bring the exact same claims based on the same events against Higgins as he brought in the previous suit. Plaintiff asserts that in this case, he also brings a retaliation claim against Higgins. Indeed, in addition to claiming an Eighth Amendment violation against Higgins in his "Causes of Action" section, Plaintiff's Complaint also charges in its "Factual Allegations" section that Higgins refused to give him a hearing for "B.T.U. Level IV Unit" in retaliation for his having filed the previous suit against her. It is well established that a prisoner's constitutional rights are violated if adverse action is taken against him in retaliation for the exercise of his constitutionally protected rights. See Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003). Because this claim was not adjudicated in Plaintiff's prior lawsuit against Higgins, it is, unlike his Eighth Amendment claim, not barred by *res judicata*. Plaintiff's Motion for Reconsideration is **GRANTED**.

Accordingly, because Plaintiff's allegations arguably state a colorable 42 U.S.C. § 1983 claim against Defendant Higgins, a copy of his Complaint and a copy of this Order shall be served upon Defendant Higgins by the United States Marshal without prepayment of cost. If Defendant elects to file a Waiver of Reply, then Defendant must file either a dispositive motion or an answer to the complaint within thirty (30) days of the filing of said Waiver of Reply.

## INSTRUCTIONS TO DEFENDANT

Since the Plaintiff is authorized to proceed *in forma pauperis*, service must be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(2). In most cases, the marshal will first mail a copy of the complaint to Defendant by first-class mail and request that the Defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local Rule 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

IT IS FURTHER ORDERED that Defendant is hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. Fed. R. Civ. P. 30(a). Defendant shall ensure that the Plaintiff's deposition and any other depositions in the case are taken within the 140-day discovery period allowed by this court's local rules.

In the event that Defendant takes the deposition of any other person, Defendant is ordered to comply with the requirements of Federal Rule of Civil Procedure 30 as set forth herein. As the Plaintiff will likely not be in attendance for such a deposition, Defendant shall notify Plaintiff of the deposition and advise him that he may serve on Defendant, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. Defendant shall

present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

## INSTRUCTIONS TO PLAINTIFF

IT IS FURTHER ORDERED that Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon Defendant's attorney, a copy of every further pleading or other document submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendant or Defendant's counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number . . . ." Fed. R. Civ. P. 10(a). Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a caption or a certificate of service will be disregarded by the court and returned to the sender.

Plaintiff is charged with the responsibility of immediately informing this court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendant, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26, et. seq. Plaintiff does not need the permission of the court to begin discovery, and Plaintiff should begin discovery promptly and complete it within 120 days after the filing of the answer. Local Rule 26.1.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a party to the litigation, and,

for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as a defendant. Interrogatories shall not be filed with the court. Local Rule 26.6. Interrogatories are not to contain more than twenty-five (25) questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c); 37(a)(2)(A); Local Rule 26.7. Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty ($.50) cents per page.

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local Rule 41.1.

It is the Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendant. Upon no less than five (5) days notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is required to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the court.

## ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fifteen (15) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if you fail to respond to a motion to dismiss, the Court will assume that you do not oppose the Defendant's motion.

Your response to a motion for summary judgment must be filed within twenty (20) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendant file a motion for summary judgment, you are advised that you will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendant's motion for summary judgment be supported by affidavit, you must file counter-affidavits if you desire to contest the Defendant's statement of the facts. Should you fail to file opposing affidavits setting

forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in Defendant's affidavits will be accepted as true and summary judgment will be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

SO ORDERED, this 18th day of September, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE