AO 72A
(Rev. 8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MARQUIS B. WEST,

    Plaintiff,

v.

BRYAN HIGGINS; JENNIFER ZAK;
TAMARA BENNETT; KIMBERLY
BRAUDA; VIRGINIA SCOTT; JOE
SHYROCK; VIRGINIA HOGAN;
Ms. KITCHENS; Dr. SCOTT BALOGH;
Dr. ARIADI; Dr. DENTON; HUGH
SMITH, Warden; JOHN PAUL,
Warden, and STEVE ROBERTS,
Deputy Warden,

    Defendants.

CIVIL ACTION NO.: CV606-083

## ORDER

After an independent review of the record, the Court concurs with the recommendation of the Magistrate Judge that Plaintiff's Complaint be dismissed. The Magistrate Judge concluded that there existed no genuine issue of material fact on the merits of Plaintiff's Eighth Amendment claims, as his allegations and supporting evidence demonstrated nothing more than a mere difference of opinion with prison officials as to the appropriate course of his mental health treatment. Additionally, the Magistrate Judge found that Plaintiff failed to exhaust his administrative remedies as to his claim against Defendant Higgins. Plaintiff has filed several Objections to the Report and Recommendation, wherein he reiterates at length his previous allegations and

argues that prison officials disregarded a serious risk to his health and safety in violation of his Eighth Amendment rights.

As the Magistrate Judge correctly reported, Plaintiff has failed to offer evidence demonstrating anything surpassing mere negligence on the part of prison officials. A difference of opinion with staff as to an inmate's care and treatment is insufficient to establish an Eighth Amendment violation. See Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991).

Furthermore, Plaintiff has offered nothing demonstrating that he exhausted his administrative remedies against Defendant Higgins as is required by the Prison Litigation Reform Act. Plaintiff asserts in his Objections that his claim that Defendant Higgins denied him a due process hearing would have been rejected if grieved as a non-grievable housing assignment issue. (Doc. No. 125, p. 18). Though the Court fails to view such a complaint as merely a "housing issue," regardless, exhaustion is required even though it may be futile. See Porter v. Nussle, 534 U.S. 516, 524, 122 S. Ct. 983, 988, 152 L. Ed. 2d 12 (2002). Because Plaintiff failed to exhaust his remedies in accordance with the Georgia Department of Corrections' procedure, summary judgment in favor of Defendant Higgins is appropriate.

Plaintiff's Objections are without merit. The Report and Recommendation of the Magistrate Judge is adopted as the opinion of this Court. Defendants' motions for summary judgment are hereby **GRANTED,** Plaintiff's motion for summary judgment is hereby **DENIED,** and Plaintiff's Complaint is hereby **DISMISSED**. Plaintiff's second motion for summary judgment, filed subsequent to the Report and Recommendation, is

**DENIED** as moot. The Clerk of Court is authorized and directed to enter an appropriate Judgment of Dismissal.

**SO ORDERED**, this ___ day of March, 2008.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA