UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MARQUIS B. WEST,

Plaintiff,

v.  606CV083

BRYAN HIGGINS, et. al.,

Defendants.

# ORDER

This Court's dismissal, doc. # 156, of plaintiff Marquis West's underlying 42 U.S.C. § 1983 claim is currently on appeal to the Eleventh Circuit. Doc. # 199. West now claims that two of the defendants, Tamara Bennett, mental health director at Georgia State Prison (GSP), and John Paul, warden at GSP, have acted in retaliation for his filing of the § 1983 claim against them. Doc. # 205. Particularly, West alleges that Bennett and Paul have used their authority to wrongfully hold him in punitive segregation without cause following his 1/28/09 transfer to GSP, which he claims has prevented him from accessing necessary mental health treatment. *Id.* at 4. He additionally claims that the "prison staff" has destroyed his personal property in retaliation for his previous applications for temporary restraining orders. *Id.* at 5-6. Finally, he claims that defendant Paul has wrongfully rejected the grievance forms he has filed and that Paul has wrongfully denied him access to grievance forms, preventing him from properly reporting these incidents and exhausting his administrative remedies. *Id.*

As a result, West seeks a temporary restraining order (TRO) and an "order to show cause for injunction" against defendants Bennett and Paul and the prison staff at large, prohibiting them from continuing to undertake the actions described above and from any further harassment and retaliation. *Id.* at 2, 8. He additionally requests that "severe sanctions be imposed and attorney fees [awarded] for these actions," and that "punitive damages [be awarded] for property destruction and 'diesel therapy'[1] implemented by prison officials." *Id.* at 7-8.

Normally, if a prisoner believes that defendants in his § 1983 suit are retaliating against him for filing that suit, he may amend his complaint pursuant to F.R.Civ.P. 15(a) to add a First Amendment retaliation claim. *See Thomas v. Evans*, 880 F.2d 1235, 1242 (11th Cir. 1989) ("To state a first amendment claim for retaliation, a prisoner need not allege violation of a separate and distinct constitutional right.... The gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech."). He may seek damages and/or an injunction based on the retaliation. *See Stevens v. Heard*, 674 F.2d 320, 324 (5th Cir. 1982). The option of amending his pleadings to add the claim is not available, however, where a final judgment has already been entered as to the original § 1983 claim, so that it is too late for the plaintiff to present additional allegations to the Court. *See* 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1489, at 697 (2d ed. 1990) ("Once an appeal has been taken from the judgment, the district court no longer has jurisdiction over the case and cannot reopen the judgment to allow an amendment to be made.").

Here, West lost on the merits in this case over a year ago, when this Court granted defendants' motion for summary judgment. Doc. # 156 at 2. The case is currently in the appeals stage. West, therefore, cannot present new claims or requests within this case to this

---

[1] West's only reference to "diesel therapy" is within his recitation of the forms of recovery he seeks. Otherwise, he provides no details as to what he means by "diesel therapy."

Court. He is not without adequate avenues for relief, however; West is free to initiate a new civil action concerning these allegations, which are different from (and linked only technically -- if at all -- to) those already adjudicated in this case. Likewise, he may seek a restraining order within a new civil action. Regardless, this Court cannot and will not reopen the present case in order to adjudicate West's new allegations and his request for injunctive relief. *See, e.g., Sherman v. City of Davis*, 2008 WL 1899926, at *2 (E.D. Cal. 4/25/08) (After court entered a final order denying his claim, plaintiff filed a motion for TRO, claiming that defendant "continue[d] to violate[] [his] constitutional rights" and requesting a restraining order to prevent "'future violative acts' of harassment and kidnapping." The court denied the TRO request, stating that "[t]he court cannot reopen the case to adjudicate plaintiff's request for injunctive relief" and "[t]o the extent plaintiff seeks a restraining order to enjoin conduct not adjudicated in this case, he must initiate a new civil action to accomplish that goal."); *Lusick v. Kullar*, 2007 WL 1490696, at *2 (M.D. Pa. 5/21/07) ("[S]ince this case is now closed, the Court no longer has jurisdiction to rule on [plaintiff's motion for temporary restraining order], and the motion[] will be dismissed.").

Based on the foregoing, West's motion for a temporary restraining order, doc. # 205, is ***DENIED***.

This day of 31 March 2009.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA